UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION
IN ADMIRALTY

CASE NO. 23-14121-CIV-CANNON

**BEYEL BROTHERS, INC.,**

    Plaintiff,

and

**RENE ALVARADO, ANDONY MELENDEZ,
JADISHA ALVAREZ, DAVID RODRIGUEZ,
FRANCISCO BRAVO, SLAUTIN IEVGEN,
BUZILE GEORGII, MUZYCHKO OLEKSII,
MEJIA ARTURO, MUNOZ JAIR, PELIKHOVSKY
OLEKSANDR, BIELOVODOV DMYTRO,
SOBCHENKO VADYM, LAMBERT JOEL,
RUDENKO DMYTRO, BOHOMOLOV ANDRII,
CANALES JUAN, STANLEY ARZU,** and **PAUL NATHAN,**

    Intervening Plaintiffs,

v.

**M/V MONARCH PRINCESS,**
a 106 meter cargo vessel,
IMO Number 7725374, her engines,
machinery, tackle, equipment and
appurtenances thereto, *in Rem*,

    Defendant.
_____/

**FINAL DEFAULT JUDGMENT**

**THIS CAUSE** comes before the Court upon Plaintiff Beyel Brothers, Inc.'s Motion for Final Default Judgment against the Vessel M/V Monarch Princess ("the Vessel") [ECF No. 27] and accompanying Motion for Custodia Legis Expenses [ECF No. 29]. The Court granted these Motions in part in a separate Order [ECF No. 40]. Pursuant to Rule 58 of Federal Rules of Civil

CASE NO. 23-14121-CIV-CANNON

Procedure, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Judgment is entered in favor of Plaintiff in the amount of $694,644.27. This judgment shall bear post-judgment interest as prescribed by 28 U.S.C. § 1961.

2. Plaintiff is also awarded *custodia legis* expenses in the amount of $174,773.50, plus any additional *custodia legis* fees incurred from October 2, 2023, through the date the Vessel's sale is confirmed by the Court, at the rate of $1,864.61 per day (dockage, maintenance, and security).

3. Plaintiff is also awarded costs and expenses in the amount $525.12.

4. The United States Marshal is directed to sell the M/V MONARCH PRINCESS, a 106 meter cargo vessel, IMO Number 7725374, her engines, machinery, tackle, equipment and appurtenances at public auction to the highest bidder, in accordance with Local Admiralty Rules E(16) and (17), and subject to confirmation by the Court.

5. The United States Marshal shall twice provide notice of the public sale in accordance with the Local Admiralty Rules of this Court, specifically Local Admiralty Rule E(16). The first publication shall be at least fourteen (14) days prior to the date of the sale, and the second at least seven (7) days prior to the date of the sale. The cost of publication shall constitute a first charge against the proceeds of any claim.

6. Payment by the successful bidder shall be in conformance with Local Admiralty Rule E(17). The highest and best bidder will be required to deliver to the United States Marshal at the time of the sale, in cash, certified check, or cashier's check, earnest money equal to $500.00 or 10% of the bid price, whichever is greater, with the balance thereof to be paid in cash, certified check, or cashier's check within seven working days after the sale, or, if

an objection is filed in accordance with Local Admiralty Rule E(17)(a)(ii), within seven (7) working days after the Court confirms the sale. The Vessel's sale shall be "as is, where is" and free and clear of all liens and encumbrances, recorded or otherwise.

7. At the conclusion of the sale, the United States Marshal is directed to file a written report of the sale as stated in Local Admiralty Rule E(17)(e). Unless an objection is timely filed in accordance with Local Admiralty Rule E(17)(g), or the purchaser is in default for failing to pay the balance of the purchase price, the Plaintiff shall proceed to have the sale confirmed on the day following the last day for filing objections. The Request for Confirmation of Sale shall comply with the requirements of Local Admiralty Rule E(17)(f) and include a proposed Confirmation of Sale that conforms in format and content to the form available on the Court's website, (www.flsd.uscourts.gov). If the Plaintiff fails to timely file the "Request for Confirmation of Sale" and proposed "Confirmation of Sale," the Marshal shall assess any continuing costs or expenses for custody of the vessel or property against the Plaintiff.

8. Plaintiff is granted the authority to credit bid the awarded *custodia legis* fees at the U.S. Marshal's sale of the Vessel [ECF No. 40].

9. Plaintiff is granted the authority to credit bid the awarded default judgment ***but only in compliance with the procedure described below***: In any bid by Plaintiff exceeding the amount of *custodia legis* expenses awarded, Plaintiff shall be required to pay to the U.S. Marshal, in any manner accepted by the U.S. Marshal, up to $149,513.50, consisting of the amount of Intervening Plaintiff's claims for unpaid seaman's wages. Once that amount has been paid, Plaintiff shall be permitted to credit bid the underlying judgment in its entirety.

10. Any net proceeds, after payment of Marshal's fees and other costs of sale, shall be deposited into the Court's registry to satisfy any future award. *See* Supplemental Admiralty Rule E(9)(b).

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 16th day of October 2023.

*[signature]*

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record